. (110 App. Div. 873)

## TYRRELL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   December 8, 1905.)

CARRIERS—INJURIES TO PASSENGERS—ACTIONS—WEIGHT OF EVIDENCE.

In an action against a street railway for injuries to a passenger, alleged to have been sustained by being thrown or having fallen from a car, a verdict for plaintiff, based on his uncorroborated testimony, as against the testimony of several witnesses for defendant, *held* against the weight of the evidence.

Appeal from Trial Term, New York County.

Action by Gerald Tyrrell against the Metropolitan Street Railway Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

George W. Dease, for respondent.

PATTERSON, J.   The judgment in this case should be reversed, for the reason that the verdict of the jury is against the weight of evidence.   The plaintiff alleged that he sustained injuries through the negligent starting of one of the defendant's cars on which he was a passenger, and which had slowed up at his request, and was nearly at a standstill, and before he could safely alight the speed of the car was accelerated, and he was thrown down and injured.   According to the plaintiff's own statement, while putting his right foot on the street, his left foot being on the running board of the car, the conductor pulled the bell; but whether he rang it three times, or twice, the plaintiff did not know. · His account of the occurrence is that he boarded a Second Avenue car going south at Eighty-Second street; that he went to the rear platform, which was occupied by several other persons; that he told the conductor, when he paid his fare, that he wanted to get off at Thirty-Sixth street; that the conductor said "All right", but did not stop the car at Thirty-Sixth street; that then the plaintiff got up and signaled to the conductor to stop at Thirty-Fifth street, and it was between Thirty-Fifth and Thirty-Fourth streets that he was thrown or fell from the car and was dragged along the street.

What is observable in this case is that there is no witness to support the plaintiff's version of the occurrence, other than himself.   The theory of the defendant is that the plaintiff was either on the running board of the car and signaled the conductor to stop, and that the alarm signal of three bells was at once given by the conductor at the south side of Thirty-Fifth street, or that the car was at a full stop when the plaintiff descended from it, that in leaving he tripped over the feet of a passenger seated on the rear seat by him, and that he received the injury in some way not connected with or by reason of the premature or negligent starting of the car.   The theory of the defendant is supported by several witnesses— one the conductor of the car, but who had for several years prior to the trial been out of the service of the defendant.   There was also the testimony of two

passengers to the same effect, and of a spectator who stood on the sidewalk and saw the occurrence, and also a policeman (Reid) whose testimony strongly confirms the defendant's view of the accident.

It was regarded by some members of the court that substantial errors in the conduct of the trial required a reversal; but we unanimously agreed that the verdict is against the weight of evidence, and for that reason the judgment should be reversed.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.